UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| FOREST HAMMOND,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF MN, and<br>ANOKA COUNTY,<br><br>      Defendants. | Civil No. 12-1660 (PJS/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

It is not entirely clear who Plaintiff is attempting to sue in this action. The caption of his complaint identifies the Defendants as the State of Minnesota and Anoka County, but the "PARTIES" section of the complaint identifies the Defendants as "Mr. Anderson Supervisor," and "All Is Employees Not Sure of Any off [sic] thier [sic] Names."

The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Anoka allows inmates to smoke as much as five time a day on goverment [sic] property – I was for 2 weeks on medication for smoking and there [sic] incourcament [sic] to go outside to smoke was more then [sic] I could handle

> Medical issue empsema [sic] asmpha [sic] copd [sic] – Any medication after release   [ ¶ ] Not sure what you mean but like I said I was told to go smoke every few hours  – my lungs are in very bad condition compared to when I went in."

(Complaint, pp. 3-4, "Statement of Claim.")

Based on these few unintelligible allegations, Plaintiff is seeking legal redress described as follows:

> "That Anoka be fined – Pay all medical bills sense [sic] 7-29-11 – Stop All Smoking Imm [sic] that Mr. Bruce Anderson be released or terminated for breaking the law and 50,000 for pain suffering for is [sic]  Disregard for my health, the only Place that is Allowed to Smoke Correctional facility in mn. Is ANOKA."

(Complaint, p. 4, "Request for Relief.")

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory.  See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).  The facts supporting a plaintiff's claims must be clearly alleged.  Federal courts are not required to "assume facts that are not alleged, just because

2

an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

The Court finds that Plaintiff's current complaint fails to state an actionable claim for relief, because it does not allege a set of specific historical facts that could entitle Plaintiff to any judgment against any of the Defendants (or anyone else) under any conceivable legal theory. The complaint does not describe anything that any Defendant did (or failed to do) that could be viewed as a violation of Plaintiff's legally protected rights or interests. Indeed, the complaint does not even clearly indicate who Plaintiff is attempting to sue.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. He has presented only vague accusations; he has not presented an intelligible description of any specific acts or omissions by any of the Defendants that could entitle him to legal redress under any statute, common law doctrine, or other means. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.[1]

Because Plaintiff has not pleaded an actionable claim for relief, the Court recommends that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

---

[1] The Court also notes that the State of Minnesota is generally immune from suit in federal court under the Eleventh Amendment to the Constitution. Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988).

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED**;

and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: July 27, 2012

                s/ *Franklin L. Noel*
                FRANKLIN L. NOEL
                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 13, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.